# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

TREVOR MITCHELL, )
)
      Petitioner, )
)
v. ) Case No. CIV-06-503-RAW
)
JUSTIN JONES, DOC Director, )
)
      Respondent. )

## ORDER

On December 14, 2009, Magistrate Judge West filed a Report and Recommendation, recommending that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be granted as to "petitioner's claim that he was denied a fair trial by the State's failure to provide the videotaped interview that could have been used to impeach James Strickland's testimony about petitioner's intent to kill Mr. Murphy." Both petitioner and respondent have timely filed objections. The court has conducted the de novo review required by 28 U.S.C. §636(b) of "those portions of the report or specified findings or recommendations to which objection is made." The recommendation of the Magistrate Judge will not be affirmed in part and reversed in part.

As the language of the Magistrate Judge indicates, petitioner contends there was a violation of *Brady v. Maryland,* 373 U.S. 83 (1963). That decision provides that the State's suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment. This is so irrespective of the prosecution's good or bad faith. *See Knighton v. Mullin,* 293 F.3d 1165, 1172 (10th Cir.2002), *cert. denied,* 538

U.S. 930 (2003). The state courts here expressly found that the prosecution did not deliberately withhold or conceal the evidence in question, a videotape of co-defendant James Strickland's polygraph examination and his subsequent interview.

Petitioner was convicted of Burglary in the First Degree [Count 1], Assault and Battery with a Dangerous Weapon [Count 2], Shooting with Intent to Kill [Count 3] and Conspiracy to Commit a Felony [Count 4]. The Magistrate Judge interpreted petitioner's motion as a challenge only to the conviction on Count 3. (Report and Recommendation at n.1). In his objection, petitioner states he is in fact challenging all four convictions. In view of the overwhelming evidence of guilt as to Counts 1, 2 and 4, the court finds this contention unpersuasive. For the same reason, the court also rejects petitioner's request that this court modify his sentences as to all four counts so as to equal the total sentence received by co-defendant Strickland.

To prevail on his claim, pursuant to 28 U.S.C. §2254(d) petitioner must show the resolution of his claim by the Oklahoma Court of Criminal Appeals "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision that was based on an unreasonable determination of the facts." This court is persuaded that the state courts reasonably followed pertinent federal law and did not make any unreasonable factual determinations. The rationale is set forth below.

In the usual case, a petitioner seeking habeas relief for an alleged *Brady* violation must show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the

2

accused; and (3) the evidence was material to the defense. *See Trammell v. McKune,* 485 F.3d 546, 551 (10th Cir.2007). The touchstone of materiality is a reasonable probability of a different result, which exists when the government's evidentiary suppression undermines confidence in the outcome of the trial. *Id.* Courts must review the cumulative impact of the withheld evidence, its utility to the defense as well as its potentially damaging impact on the prosecution's case. Courts should evaluate the materiality of withheld evidence in light of the entire record in order to determine if the omitted evidence creates a reasonable doubt that did not otherwise exist. What might be considered insignificant evidence in a strong case might suffice to disturb an already questionable verdict. *Snow v. Sirmons,* 474 F.3d 693, 711 (10th Cir.2007).

The offense of shooting with intent to kill under Oklahoma law is set forth at 21 O.S. §652(A). The Magistrate Judge found that the videotape was possibly pertinent to two elements of guilt: identity and intent. Addressing those elements separately, she first concluded that "even if the videotape had been available to challenge Strickland's credibility, there still was additional, credible evidence that petitioner was the shooter." (Report and Recommendation at 13). The court agrees with this conclusion.

The Magistrate Judge went on, however, to find that "Petitioner could have used the interview to undermine Strickland's testimony that petitioner made the death threat before shooting Mr. Murphy." *Id.* at 15. The Magistrate Judge found that "there was no evidence of petitioner's intent to kill, except for Strickland's testimony that he heard petitioner shout a threat to kill whoever came out [of the bedroom]." *Id.* On this point, the court disagrees.

3

While the purported statement was the only direct evidence of intent, sufficient circumstantial evidence was present that the court will not disturb the jury's verdict.

The court agrees with the respondent that "[t]he best evidence of the intent to kill was the fact that the shooter stood in a short and narrow hallway, only a few feet from the victim and fired a shotgun blast, ripping a gaping hole in the man's chest." (Respondent's Objection at 2). Shooting a victim at close range may justify a rational trier of fact in finding intent to kill. *See Cunnigan v. State,* 747 P.2d 328, 331 (Okla.Crim.App.1987). Elements of the crime of shooting with intent to kill may be proven by circumstantial evidence. *See Dunagan v. State,* 755 P.2d 102, 105 (Okla.Crim.App.1988).

The court is ultimately not persuaded there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *See Douglas v. Workman,* 560 F.3d 1156, 1173 (10th Cir.2009). In the court's view, the potential use of the videotape for impeachment purposes does not rise to this level. Accordingly, petitioner's motion will be denied.

It is the Order of the court that the objection of the petitioner (#30) is denied. The objection of the respondent (#31) is granted. The Report and Recommendation of the United States Magistrate Judge is hereby affirmed in part and reversed in part. Petitioner's motion pursuant to 28 U.S.C. §2254 is hereby denied and dismissed.

**ORDERED THIS 22nd DAY OF MARCH, 2010.**

*[Signature]*
Ronald A. White
United States District Judge
Eastern District of Oklahoma